IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| JANE DERN, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-1737 |
| LIBERTY MUTUAL INSURANCE CO., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Jane Dern filed the present action against Defendant Liberty Mutual Insurance Co.,[1] the insurer of her home, after her home was damaged by a fire on or about May 22, 2014. ECF No. 2 at ¶¶ 2–6. Presently before the Court is Defendant's Motion to Dismiss. ECF No. 9. The Court has reviewed the record and deems a hearing unnecessary.[2] *See* Loc. R. 105.6 (D. Md.). For the reasons stated herein, Defendant's Motion is granted.

## I.   BACKGROUND

According to the Complaint, Defendant insured Plaintiff's home located in Frederick, Maryland in exchange for monthly premiums. ECF No. 2 at ¶ 4. On or about May 22, 2014, Plaintiff's home was damaged by fire, which left it "extensively damaged" and "uninhabitable,"

---

[1] Ms. Dern filed this action against "Liberty Mutual Insurance Company d/b/a Safeco Insurance Company of America." *See* ECF No. 2. In its Motion, Defendant indicates that Liberty Mutual is a separate entity from Safeco Insurance Company of America, but that they are affiliated. ECF No. 9 at 1 n.1. Although Plaintiff repeatedly refers to Safeco in the Complaint, for purposes of this Motion, the Court will refer only to Liberty Mutual as "Defendant," as that is the only entity presently named in the Complaint.

[2] On November 24, 2015, Plaintiff, on her own behalf, filed a request for an emergency hearing with the Court. It appears, however, that she is still represented by counsel. Plaintiff is reminded that, so long as she is represented by an attorney, she may not, on her own, file any documents with the Court. *See* Loc. R. 102.1(a) (D.Md.) ("When a party is represented by counsel, the Clerk shall accept for filing only documents signed by a member of the Bar of this Court whose appearance is entered on behalf of that party.").

and Plaintiff filed a claim with Defendant for coverage. *Id.* at ¶¶ 4–6. Although "numerous respected local contractors" have opined that Plaintiff's house must be torn down and rebuilt, Defendant has relied on the opinion of one contractor who has stated that the house could be repaired, rather than rebuilt. *Id.* at ¶ 9.

Unable to reach a resolution, Plaintiff filed the present action alleging one count of unfair claim settlement practices under Md. Code Ann., Ins. § 27-303 and one count for breach of contract. *See* ECF No. 2. Specifically, as to her claim under § 27-303, Plaintiff alleges that "despite [her] good-faith efforts to resolve the matter . . . Defendant[] h[as] refused to move forward in good faith and h[as] continually pressured the Plaintiff to sign paperwork and settle the claim in such a way that would not appropriately cover the work that needs to be done . . . ." *Id.* at ¶ 8. She further contends that Defendant has failed to act in good faith with respect to covering personal property that was damaged in the fire, and that Defendant has "intimidated the [Plaintiff], as she has been repeatedly asked to agree to have [Defendant's] contractor perform inadequate repairs for an unrealistic price." *Id.* at ¶¶ 10–11. She further alleges that this claim is ripe for decision by this Court because "a final decision has been entered by the Maryland Insurance Administration . . . ." *Id.* at ¶ 13.

With respect to her breach of contract claim, Plaintiff alleges that, although she has paid the required monthly premiums, "Defendant has refused to adequately compensate the Plaintiff pursuant to the Homeowner's Insurance agreement between the parties for the damage it caused to the Plaintiff's vehicle," and that "no work has even begun toward rebuilding the home and the Plaintiff has . . . been unable to move back into her home." *Id.* at ¶¶ 15, 12(2)–13(2).[3]

---

[3] The Complaint is improperly numbered, as it proceeds from paragraph 15 to paragraphs labeled as 12 and 13. When referring to the second occurrence of paragraph numbers 12 and higher, the Court will cite to the paragraph number indicated in the Complaint followed by "(2)."

Defendant now moves to dismiss both counts of the Complaint. Defendant argues that Plaintiff's claim under § 27-303 cannot be pursued in a civil cause of action and that Plaintiff's exclusive remedy under that statute is to seek redress before the Maryland Insurance Administration. *See* ECF No. 9-1 at 3–4. Defendant further argues that Plaintiff's breach of contract claim must be dismissed because the Complaint is so lacking in specificity as to render the claim inscrutable. *Id.* at 4–5.

## II.  STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's Complaint on the ground that the Complaint fails to state a claim upon which relief can be granted.[4] When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). To survive a motion to dismiss invoking Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must be more than "labels and conclusion . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also id.* ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235–36 (3d ed. 2004)). A complaint will not survive Rule 12(b)(6) review where it

---

[4] Although in its motion Defendant relies on the standard for dismissal under Maryland Rule 2-322, the Court will treat the Motion as one to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See, e.g., Rowland v. Patterson*, 852 F.2d 108, 110 (4th Cir. 1988), *on reh'g*, 882 F.2d 97 (4th Cir. 1989) ("Federal courts apply federal rules of procedure, both those promulgated in the Federal Rules of Civil Procedure as well as wholly judge made procedural rules, unless the Erie doctrine commands otherwise.").

contains "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

### III. DISCUSSION

#### A. Unfair Claim Settlement Practices

The first count of the Complaint invokes § 27-303 of the Insurance Article of the Maryland Code, ECF No. 2 at ¶ 12, which provides that certain conduct of an insurer, including the refusal to pay a claim for an arbitrary or capricious reason, constitutes an unfair claim settlement practice. Md. Code Ann., Ins. § 27-303. Defendant seeks dismissal of this claim on the ground that § 27-303 provides for administrative remedies only and does not create a separate cause of action against an insurer. ECF No. 9-1 at 3. Plaintiff, in opposing Defendant's Motion, first argues that, although the Complaint invokes § 27-303, "the relief requested by . . . Plaintiff is not wholly or independently reliant upon successfully proving . . . violations [of § 27-303]." ECF No. 14 at 3. Rather, Plaintiff contends that "Defendant's violations of § 27-303 serve to support the claims made by Plaintiff as to the bad faith nature of Defendant's conduct in breaching the contract it holds with . . . Plaintiff." *Id.* Plaintiff further argues, in the alternative, that this claim may be adjudicated by this Court because a final decision has been entered by the Maryland Insurance Administration under a complaint that was filed by Plaintiff acting pro se. ECF No. 14 at 3–4; *see also* ECF No. 2 at ¶ 13.

Based on Plaintiff's opposition to Defendant's Motion to Dismiss, it seems that she cannot decide whether she is pursuing a claim directly under § 27-303, or rather is raising an independent tort or contract claim for unfair claim settlement practices. In any case, this claim must be dismissed. If Plaintiff seeks to bring a civil claim directly under § 27-303, she cannot do so in this forum. The Maryland legislature made it explicit that the unfair claim settlement practices subtitle "provides administrative remedies only." Md. Code Ann., Ins. § 27-301. And any administrative appeals must be taken in accordance with Section 2-215 of the Insurance Code, *see* Md. Code Ann., Ins. § 27-306, which in turn provides that appeals from an administrative order may be appealed "(i) to the Circuit Court for Baltimore City; or (ii) if a party to an appeal is an individual, to the circuit court of the county where the individual resides." Md. Code Ann., Ins. § 2-215(c)(1). This Court, therefore, is without power to consider any claim arising under § 27-303.[5] *See Moye v. Avis Budget Grp.*, No. CIV.A. TDC-14-2714, 2015 WL 410515, at *3 (D. Md. Jan. 27, 2015) ("To the extent that [Plaintiff] seeks review of [an administrative] determination [under § 27-303], any available appeal would need to be brought in Maryland Circuit Court in accordance with Md.Code Ann., Ins. §§ 27-306 and 2-215. Accordingly, any claim brought under the provisions of the Unfair Claims Settlement Practices Act is not properly before the Court . . . ."); *see also Hartz v. Liberty Mut. Ins. Co.*, 269 F.3d 474, 476 (4th Cir. 2001) ("[F]ederal courts simply have no license to upend Maryland's decision to resolve this sort of insurance complaint administratively.").

If Plaintiff's Complaint is intending to allege an independent tort violation, her claim also must fail because § 27-303 does not create an independent first party action in tort against an

---

[5] Importantly, the Complaint is stylized as a civil complaint, rather than an administrative appeal. Plaintiff, therefore, has failed to properly pursue the only remedies available under § 27-303, requiring dismissal of any claim under that statute. Even if she had properly filed an administrative appeal, however, the Court would have to remand the case to Maryland circuit court, as that is the only court with power to hear such an administrative appeal pursuant to § 2-215(c)(1). In either case, any claim under § 27-303 is not properly before this Court.

5

insurer for a bad faith failure to settle a claim. Md. Code Ann., Ins. § 27-301(b)(2) ("This subtitle does not provide or prohibit a private right or cause of action to, or on behalf of, a claimant or other person in any state."); *Johnson v. Fed. Kemper Ins. Co.*, 536 A.2d 1211, 1213 (Md. Ct. Spec. App. 1988) (holding that predecessor to § 27-303 provides for administrative relief only and "cannot be said to create a separate cause of action" in tort); *see also Hartz*, 269 F.3d at 475–76. Plaintiff cites *Zappone v. Liberty Life Insurance Co.*, 706 A.2d 1060 (Md. 1998) in support of her contention that this Court may adjudicate a claim alleging unfair claim settlement practices so long as the claimant first exhausts her administrative remedies, ECF No. 14 at 4, but that case does not support such a broad proposition. In *Zappone*, the Court of Appeals of Maryland concluded that claims alleging fraud, negligent misrepresentation, and negligence in connection with the sale of insurance were not preempted by the Insurance Code of Maryland and that a plaintiff need not exhaust administrative remedies before pursuing such claims in court. *Zappone*, 706 A.2d at 1071. The court reached that conclusion, however, after recognizing that the plaintiff's causes of action in that case were "wholly independent of the Insurance Code's Unfair Trade Practices subtitle." *Id.* Thus, because the court would not be called upon to interpret or apply the Insurance Code or any of its regulations, and the plaintiff's right to recovery was "totally dependent on . . . common law tort principles," the plaintiff's claims were able to proceed without prior exhaustion of such claims before the Maryland Insurance Administration. *Id.*

Here, however, Plaintiff has not alleged any tort claims independent of her allegation of unfair claim settlement practices—a claim undeniably covered by the Insurance Code. Thus, even assuming Plaintiff's allegations in count one of the Complaint can be characterized as a tort, that claim is not cognizable and must be dismissed. *See Johnson*, 536 A.2d at 1213

("Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim."); *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1107 (Md. 1999) ("Under Maryland law, an insurer which mistakenly denies coverage does not breach a tort duty owed either to the insured or to third-party claimants . . . .").

Finally, to the extent that Plaintiff contends that her allegation of violations of § 27-303 serve only to "support" her breach of contract claim, the Court notes that any injury arising specifically from Defendant's alleged bad faith in breaching the contract does not state a cognizable claim. Even assuming Plaintiff properly stated a claim for breach of contract, her recovery would be limited to any payment required under the contract. *See Hartz*, 269 F.3d at 476 ("Maryland has declined to enact a statute providing for collection of damages beyond the confines of the insurance agreement.").

Thus, regardless of whether count one of the Complaint is deemed to be an action directly under § 27-303, an action in tort, or allegations supporting Plaintiff's claim for breach of contract, that count does not provide Plaintiff with a cognizable cause of action and must be dismissed with prejudice. *See Cozzarelli v. Inspire Pharm. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (noting that district court may dismiss claim with prejudice where "it is clear that amendment [of the complaint] would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability").

### B. Breach of Contract

In the second count of the Complaint, Plaintiff's seeks to recover for breach of contract. ECF No. 2 at ¶¶ 14–15(2). Defendant seeks dismissal of this claim on the ground that the Complaint is so vague that it fails to properly state a claim. ECF No. 9-1 at 4–5. The Court agrees. In the Complaint, Plaintiff only alleges that she has paid the required monthly premiums

and that Defendant has "refused to adequately compensate [her] . . . for the damage [the fire] caused to Plaintiff's vehicle." ECF No. 2 at ¶ 12(2). Plaintiff further alleges that, because no work has begun toward rebuilding the house, she has been unable to move back into her home. *Id.* at ¶ 13. These allegations are insufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555.

In Maryland, a Complaint alleging a breach of contract "must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Ne., LLC v. BAA Md., Inc.*, 994 A.2d 430, 440 (Md. 2010) (quoting *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 369 A.2d 566, 569 (Md. 1977)) (emphasis in original). Plaintiff has failed to allege what contractual duty was breached. Notably, the Complaint does not indicate what provision of the insurance agreement has been implicated, how Defendant's conduct breached any such provision, or what damage occurred to her vehicle for which Plaintiff was purportedly undercompensated. *See* ECF No. 2 at ¶ 12(2). Count two of the Complaint is so vague that Defendant cannot reasonably prepare a response, and, accordingly, the claim must be dismissed.

However, the Court will decline Defendant's invitation to dismiss this count with prejudice and will allow Plaintiff the opportunity to amend the Complaint. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights . . . rather than on technicalities requires that [a] plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 360–67 (2d ed.1990)).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 9, is granted. Count one of the Complaint, alleging unfair claims settlement practices, is dismissed with prejudice and count two of the Complaint, alleging breach of contract, is dismissed without prejudice. A separate Order follows.

Dated: December 11, 2015

GEORGE J. HAZEL
United States District Judge