# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

JANE DERN,

    Plaintiff,

v.                                      Case No.: GJH-15-1737

LIBERTY MUTUAL
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION

Plaintiff originally initiated this case against Defendant Liberty Mutual Insurance Company alleging breach of an insurance contract. *See* ECF No. 2; ECF No. 23. The case was eventually closed pursuant to a settlement agreement. ECF No. 35. Now pending before the Court is Plaintiff's Motion to Reopen Case, ECF No. 44, Defendant's Motion to Enforce the Settlement Agreement, ECF No. 41, a Motion to Withdraw as Attorney by Plaintiff's Counsel, ECF No. 40, and Defendant's Motion to Seal Defendant's Opposition to Plaintiff's Motion to Withdraw Settlement Claim, ECF No. 42. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion to Reopen Case is denied, Defendant's Motion to Enforce the Settlement Agreement is granted, the Motion to Withdraw as Attorney is granted, and the Motion to Seal is denied.

## I. BACKGROUND

Plaintiff Jane Dern brought suit against Defendant Liberty Mutual Insurance Co. after her home, which was insured by Defendant, was damaged in a fire on May 22, 2014. *See* ECF No. 2.

Dern alleged that "despite [her] good-faith efforts to resolve the matter . . . Defendant[] h[as] refused to move forward in good faith and h[as] continually pressured the Plaintiff to sign paperwork and settle the claim in such a way that would not appropriately cover the work that needs to be done . . ." *Id.* ¶ 8. Plaintiff brought claims for unfair claims settlement practices and breach of contract. *Id.* at 2–4.[1] In a Memorandum Opinion and Order dated December 11, 2015, the Court dismissed Count I with prejudice, but allowed Plaintiff to amend her Complaint with respect to Count II. Plaintiff filed an Amended Complaint on January 11, 2016. ECF No. 23.

The Court issued an Order referring the case to Magistrate Judge Charles B. Day on July 25, 2016. ECF No. 33. A settlement conference was held on October 7, 2016, and following that settlement conference, the Court issued an Order dismissing the case and stating that "[t]his Court has been advised by the parties that the above action has been settled . . . The entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." ECF No. 35. On October 21, 2016, Dern filed correspondence with the Court, requesting to withdraw the settlement. ECF No. 36. Dern stated: "I'm requesting that the settlement claim I signed be withdrawn on the grounds of my complaint not being presented in full and my law[y]er not providing the courts with all the information to help my case ac[c]ordingly and sufficiently." *Id.* She further stated that her attorney was "not being forthcoming on the information I have provided him with." *Id.*[2] Plaintiff's attorney, Thomas McManus filed a Motion to Withdraw as Attorney on November 3,

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Dern has also filed other correspondences, dated October 27, 2016 and November 9, 2016. Dern requests that the settlement claim she signed "be withdrawn on the grounds of false preten[s]e and all my information not being presented in full." ECF No. 39. She also states that her lawyer Thomas McMannus was threatening and intimidating her. ECF No. 43.

2

2016. ECF No. 40. Dern moved to reopen the case on November 14, 2016, based upon the reasons stated in her October 21, 2016 correspondence. ECF No. 44.

Defendant has opposed the Motion to Reopen, moving instead to enforce the settlement agreement. ECF No. 41. Defendant states that "[a]fter several hours of negotiation [at the October 7, 2016 settlement conference], the Parties reached an agreed upon settlement. Prior to concluding the settlement conference, the Parties memorialized the material terms of the settlement." *Id.* at 2. Defendant attaches the "material term sheet," which includes twelve numbered, handwritten contractual provisions, and bears the signature of both parties.[3] ECF No. 41-1 at 2–5. Defendant further states that the parties took several actions in furtherance of formalizing the settlement, including making arrangements for Defendant to send the settlement check to Plaintiff's counsel. *See* ECF No. 41 at 2. Because the Court finds that the parties reached a complete agreement with readily ascertainable terms, and that Plaintiff has not shown good cause to reopen the case, the Court will enforce the settlement agreement attached at ECF No. 41-1 at 2–5 and deny the motion to reopen.

## II. ANALYSIS

### A. Motion to Reopen and Motion to Enforce Settlement Agreement

"When parties to litigation pending in district courts enter into agreements to settle their disputes, the courts 'have inherent authority, derived from their equity power, to enforce settlement agreements.'" *Lopez v. XTEL Const. Grp., LLC*, 796 F. Supp. 2d 693, 698–99 (D. Md. 2011) (citing *Williams v. Prof'l Transp., Inc.*, 388 F.3d 127, 131–32 (4th Cir. 2004)). "If there is a factual dispute over the existence of an agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*," *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541 (4th Cir. 2002) (emphasis in original), but instead must conduct an evidentiary hearing.

---

[3] Plaintiff has not disputed the authenticity of this agreement or her signature.

3

*Williams*, 388 F.3d at 132. Before the Court may enforce the agreement, it must determine that "the parties reached a complete agreement" and be able to discern the terms and conditions of that agreement. *Lopez*, 796 F. Supp. 2d at 699 (citing *Hensley*, 277 F.3d at 540–41) (internal citations omitted). "Notably, the fact that a party may have second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Id.* (internal citations omitted).

As a settlement agreement is a contract, the Court applies basic contract principles when considering a motion to enforce a settlement agreement. *Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir. 2004). Maryland law provides that "[a] contract is formed when an unrevoked offer made by one person is accepted by another." *Cty. Comm'rs for Carroll Cty. v. Forty W. Builders, Inc.*, 178 Md. App. 328, 377 (2008). An essential element in the formation of a contract is the "manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms." *Id.* (citing *Safeway Stores, Inc. v. Altman*, 296 Md. 486, 489 (1983)). The manifestation of mutual assent requires "(1) intent to be bound, and (2) definiteness of terms." *Cochran v. Norkunas*, 398 Md. 1, 14 (2007).

In this case, Plaintiff does not dispute that the settlement agreement exists. In fact, she readily admits that she attended the hearing and signed the settlement claim. ECF No. 36 at 1. Plaintiff also does not dispute the terms of the agreement, which are clearly stated in the unambiguous, albeit informal, agreement attached to the pleadings and signed by both parties. *See* ECF No. 41-1. The agreement provides that Defendant shall pay $150,000 to the insured, any additional payees under the insurance policy, and Plaintiff's counsel. *Id.* at 2. It further states that there will be no admission of liability, the case will be dismissed with prejudice within 10

4

days after settlement payment is sent to Ms. Dern's attorney, and that Ms. Dern will agree to release Defendants of all claims under the insurance policy and relating to the fire. *Id.* Of particular relevance here, the agreement also states that Ms. Dern "will represent that she is satisfied with representation of the counsel that she received in the matter." *Id.* at 4. Thus, the terms of the agreement are readily ascertainable and definite. *See Lopez v. XTEL Const. Grp., LLC*, 796 F. Supp. 2d 693, 699 (D. Md. 2011) (granting motion to enforce oral settlement agreement when terms were readily ascertainable). The agreement also bears the signature of both parties, indicating their intent to be bound. *See Douglas v. First Sec. Fed. Sav. Bank, Inc.*, 101 Md. App. 170, 185 (1994) (noting that a party's signature indicates an intent to be bound by an agreement). Having "second thoughts about the result of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Lopez*, 796 F. Supp. 2d at 699. For these reasons, the Court finds the parties reached a complete agreement, and that the Plaintiff has not demonstrated good cause to withdraw from the agreement. The Court therefore denies Plaintiff's Motion to Reopen, and grants Defendant's Motion to Enforce the Settlement Agreement.

### B. Motion to Withdraw as Attorney

Plaintiff's counsel has moved to withdraw as attorney, citing "irreconcilable differences" with the client, arising from the "tone and content of the Dern letter of October 21, 2016." ECF No. 40 at 2. The withdrawal of appearance by an attorney for an individual is governed by Local Rule 101.2(a), which provides:

> [A]ppearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel

5

>enter an appearance or to advise the Clerk that the client will be
>proceeding without counsel. . . .

Loc. R. 101.2(a). Plaintiff's counsel complied with Local Rule 101.2(a) by filing an appropriate Motion with the Court, and attesting that he sent correspondence to Dern on October 25, 2016 advising her of his intent to file the Motion "and that she should choose to have new counsel enter an appearance or advise the Clerk that she will be proceeding without counsel." ECF No. 40 at 2.

The withdrawal of an attorney is also governed by the Maryland Rules of Professional Conduct, which provide that a lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client." Md. Rules Attorneys Rule 19-301.16(b)(1); *see also Abbott v. Gordon*, No. CIV.A. DKC 09-0372, 2010 WL 4183334, at *2 (D. Md. Oct. 25, 2010). Here, because the Court declines to reopen the case, there is no materially adverse effect on the client by the withdrawal of Mr. McManus. *See Respess v. Travelers Cas. & Sur. Co.*, No. CIV.A. ELH-10-2937, 2011 WL 1344137, at *5 (D. Md. Apr. 7, 2011) (noting that withdrawal of attorney would not unduly prejudice plaintiff when case had already concluded). The motion to withdraw is granted.

**C. Motion to Seal**

A motion to seal must comply with Local Rule 105.11, which requires the requesting party to "include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide specific protection." Loc. R. 105.11 (D. Md. 2016). Although certain circumstances necessitate the sealing of filings, there is a "presumption of access accorded to judicial records" that can only be rebutted if "countervailing interests heavily outweigh the public interest in access." *Rushford v. New Yorker*

*Magazine*, 846 F.2d 249, 253 (4th Cir. 1988); *see also Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).

Defendant states, without further explanation, that its Opposition to Plaintiff's Motion to Withdraw Settlement Claim and attached exhibits "contain information that is considered confidential and/or privileged by either or both parties." ECF No. 42. Plaintiff has neither consented to the sealing, nor objected. The Court can see no personally identifying information under Fed. R. Civ. 5.2(a) warranting redactions, such as a social security number, taxpayer-identification number, or financial-account number. No other reason has been given to seal Defendant's Opposition or the settlement agreement. *See Johnson v. City of Baltimore Dev. Corp.*, No. CIV.A. GLR-11-2174, 2013 WL 3934022, at *4 (D. Md. July 29, 2013) (denying motion to seal settlement agreement when movant provided no reasons to seal). Accordingly, the Motion to Seal is denied.

### III.  CONCLUSION

For the following reasons, Plaintiff's Motion to Reopen Case, ECF No. 44, is denied, Defendant's Motion to Enforce the Settlement Agreement, ECF No. 41, is granted, the Motion to Withdraw as Attorney, ECF No. 40, is granted, and the Motion to Seal, ECF No. 42, is denied. A separate Order shall issue.

Date: May 22, 2017

GEORGE J. HAZEL  
United States District Judge

7