IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JANE DERN,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE CO.,

    Defendant.

Case No.: GJH-15-1737

## MEMORANDUM OPINION

This continued dispute between Plaintiff Jane Dern, her former attorney Thomas McManus, and Defendant Liberty Mutual Insurance Company ("Liberty") relates to Plaintiff's insurance claim for damage to her home following a fire on May 22, 2014. The parties entered into a settlement agreement on October 7, 2016, and the Court closed the case thereafter. ECF No. 35. Now pending before the Court is McManus' Motion to Revise the Order, ECF No. 50, Plaintiff's Motion in Opposition to the Settlement Agreement, ECF No. 52, and Plaintiff's Motion for Trial, ECF No. 54. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, McManus' motion is granted and Plaintiff's motions are denied.

### I. BACKGROUND

Following execution of the settlement agreement on October 7, 2016, whereby Defendant agreed to pay Plaintiff $150,000 for her insurance claim, the Court dismissed Plaintiff's Amended Complaint, ECF No. 23, and provided that "[t]his Court has been advised by the parties that the above action has been settled . . . . The entry of this Order is without prejudice to

1

the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." ECF No. 35. During the settlement conference, the parties signed a term sheet setting forth the material terms of the settlement agreement in advance of Defendant preparing the formal terms of the agreement. ECF No. 41-1 at 2–5[1] (Initial Settlement Agreement). Following the settlement conference, the final settlement agreement was codified in the Confidential Settlement and Release Agreement, ECF No. 41-2, but the agreement has not been executed. On October 21, and again on October 27 and November 9, Plaintiff requested to withdraw from the settlement agreement, alleging that her attorney, McManus, failed to adequately represent her interests during the settlement conference. ECF Nos. 36, 39, 43.

On May 22, 2017, the Court upheld the settlement agreement, denying Plaintiff's motion to reopen the action, ECF No. 44, granting Defendant's motion to enforce the settlement agreement, ECF No. 41, and granting McManus' motion to withdraw as counsel, ECF No. 40. *See* ECF No. 49.[2] Ultimately, the Court found that the parties reached a complete agreement with readily ascertainable terms and that Plaintiff had not shown good cause to reopen the case, ECF No. 48 at 3, and ordered the parties to execute the settlement agreement. ECF No. 49.[3]

McManus alleges that following the Court's Order, Plaintiff informed him that she would not execute the Confidential Settlement and Release Agreement or endorse the settlement check if tendered by Defendant. ECF No. 50-1; *see also* ECF No. 53 ¶ 2 (Defendant stating that it provided McManus a copy of the settlement check drawn in accordance with the settlement

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] In addition, the Court denied Defendant's motion to seal its opposition to Plaintiff's motion. ECF No. 42.
[3] On August 16, 2017, Plaintiff appealed the Court's May 22 Order to the Fourth Circuit. ECF No. 56. On December 27, 2017, the Fourth Circuit dismissed the appeal as untimely filed pursuant to Federal Rules of Appellate Procedure 4(a). ECF No. 60-1 at 3.

agreement). As a result, McManus filed a Notice of Lien against Plaintiff for $12,897.49—his purported fee for representation of Plaintiff in this matter. ECF No. 50 ¶ 4.

## II. DISCUSSION

Because Plaintiff has not executed the settlement agreement, McManus requests the Court to order Plaintiff to either sign and comply with the agreement or direct Defendant to revise the settlement agreement by providing McManus with his fee directly and remitting the balance to Plaintiff. ECF No. 50 at 2.[4] In response, Plaintiff asserts that she was unethically coerced into signing the settlement agreement, alleging that McManus failed to present the information necessary to support her insurance claim and that defendant made material misrepresentations during the settlement negotiations. ECF Nos. 52, 54. Plaintiff further suggests that she intended to attach to her motion a copy of her insurance policy, engineering reports, and correspondence from "the County" to support her assertion but that, on review, she no longer has these documents in her possession. ECF No. 54.

Plaintiff's motions request the Court to revisit its May 22, 2017 Order upholding the settlement agreement. While Plaintiff does not set forth the specific procedural basis for her request, Plaintiff is *pro se*, and her filings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court will consider Plaintiff's request under Federal Rules of Civil Procedure 59 and 60. First, under Rule 59, a Court may grant a motion to alter or amend the judgment if filed within 28 days of the underlying judgment. *See* Fed. R. Civ. P. 59(e). Because Plaintiff filed her motions more than 28 days after the Court's May 22 Order, Rule 59 is not viable at this time. *See* ECF No. 52 (filed on July 12, 2017).

---

[4] While McManus claims he is entitled to a fee of $12,897.45, the initial settlement agreement signed by Plaintiff does not specify the fee owed, and McManus has not provided the Court with any documentation validating this amount. Therefore, the Court will not revise the settlement agreement or order any direct payment to McManus himself.

3

The Court may also provide relief from a judgment or order pursuant to Rule 60(b) for six enumerated reasons. Relevant to plaintiff's allegations, the Court may provide relief for fraud, misrepresentation, or misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b)(3). And unlike Rule 59, a motion under Rule 60(b) must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c)(1) (noting that a motion for reasons of fraud, misrepresentation, or misconduct must be made within one year of entry of judgment). However, Plaintiff has not provided the Court with any additional information suggesting relief is warranted.

Plaintiff's pending motions revisit her prior concerns and are limited to broad and conclusory statements that she received inadequate representation that tainted the settlement negotiations. While Plaintiff makes reference to a number of documents related to her claim, Plaintiff fails to allege what facts are contained in these documents, how the facts were ignored or misrepresented during the settlement negotiations, and how such misrepresentations induced her to sign the initial settlement agreement on October 7, 2016. Nor has Plaintiff indicated that the Confidential Settlement and Release Agreement conflicts with the agreed upon terms of the initial settlement agreement. The Court has revisited Plaintiff's prior communications contesting the settlement agreement in advance of the Court's May 22, 2017 Order, *see e.g.,* ECF Nos. 36, 39, 43, 47 and, without more, the Court has no basis to conclude that the settlement agreement should be disturbed now.[5] Therefore, Plaintiff shall comply with the terms of the Court's May 22, 2017 Order and execute the Confidential Settlement and Release Agreement.

---

[5] Plaintiff previously requested that the Court provide her with copies of the information presented at her October 7, 2016 settlement conference, ECF No. 37. The Court denied this request and indicated that Plaintiff could contact McManus directly for the materials. ECF No. 38. Though Plaintiff indicates that she no longer has certain documents in her possession, ECF No. 54, Plaintiff has not alleged that she has requested anything from McManus or that McManus has otherwise refused to provide her with any documents related to his representation. Assuming Plaintiff is referencing the documents subsequently provided to this Court on March 6, 2017, ECF No. 47-1, such documents simply suggest that the total damage to her home exceeded $650,000. But even if the settlement agreement was unfavorable to Plaintiff, the documents themselves do not indicate that the agreement reached during the settlement conference was secured through fraud, misrepresentation, or deceit or otherwise improper.

## III. CONCLUSION

For the foregoing reasons, McManus' Motion to Revise, ECF No. 50, shall be granted and Plaintiff's motions, ECF Nos. 52, 54, shall be denied. A separate Order follows.

Dated: February 2, 2018

_____
GEORGE J. HAZEL
United States District Judge